IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOEMI VALDIVIA,<br><br>      Plaintiff,<br><br>v.<br><br>TOWNSHIP HIGH SCHOOL DISTRICT 214,<br><br>      Defendant. | <br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT AT LAW

Plaintiff, Noemi Valdivia ("Valdivia" or "Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., for her First Amended Complaint at Law against Defendant Township High School District 214 ("Defendant" or "District 214"), states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and its discrimination against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 2617 (right to civil action under the FMLA), and 42 U.S.C. § 2003-5(f)(3) (right to civil action under Title VII).

3. The unlawful employment practices described herein were committed at Defendant's Elk Grove High School in Elk Grove, Cook County, Illinois and Defendant's

Wheeling High School in Wheeling, Cook County, Illinois. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On November 4, 2016, Ms. Valdivia filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her race, Hispanic, in violation of Title VII. Ms. Valdivia attaches her Charge as **Exhibit A** and incorporates the allegations of her Charge herein.

5. On February 9, 2017, the EEOC issued a Dismissal and Notice of Rights as to Ms. Valdivia's Charge, a copy of which is attached as **Exhibit B**. Plaintiff files this Amended Complaint within 90 days of her receipt of the Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has satisfied all conditions precedent to pursuing her claim under Title VII in federal court.

## PARTIES

7. Plaintiff Noemi Valdivia resides in Huntley, Illinois.

8. Plaintiff worked for Defendant at its Elk Grove High School from May 2010 through June 2016 and at its Wheeling High School from June 2016 through August 2016.

9. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(3)(A), and Title VII, 42 U.S.C. § 2000e(f).

10. Defendant Township High School District 214 is a public Illinois school district. It operates eleven (11) schools throughout the Chicago suburbs. The District's principal office is located in Arlington Heights, Cook County, Illinois.

11. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A), and Title VII, 42 U.S.C. § 2000e(b).

12. At all relevant times, the District employed more than 50 employees within 75 miles of its Elk Grove High School and Wheeling High School.

## FACTUAL ALLEGATIONS

13. Valdivia began working for Defendant at its Elk Grove High School as a Secretary to the Principal for Instruction in May 2010.

14. Throughout her employment, Valdivia performed her job satisfactorily.

15. During Valdivia's employment, her co-workers regularly made derogatory remarks about Hispanic students and their families. The comments increased in frequency beginning around September 2014.

16. Some of the comments included another secretary claiming that Hispanic people come to America and want everything for free, that she was tired of them wanting everything for free, and that even though they want everything for free they come in to the school with their nails done and new cell phones. This secretary made comments to this effect one to two times per month, on average.

17. A second secretary expressly told Plaintiff not to speak Spanish at work because they were "in America," and separately used a racial slur in referring to an African-American coworker.

18. Valdivia, who is Hispanic, found these comments to be degrading, hostile, and offensive.

19. Valdivia complained to Val Norris, Assistant Principal, about the other secretaries' comments in November 2015. Norris told Valdivia that she could not to anything to address the comments because the secretaries' union was too tough. Norris also told Valdivia

Case: 1:16-cv-10333 Document #: 29 Filed: 03/03/17 Page 4 of 9 PageID #:77

that one of the secretaries made derogatory comments about Hispanic people because she was "old school."

20. Valdivia also complained to Principal Paul Kelly several times in 2015. In December 2015, Valdivia followed up on the complaints she had presented earlier that year. Kelly then informed Valdivia that he could not take any action because the secretaries' union was too strong.

21. Absent any action on the part of Defendant, Valdivia was forced to continue working in an environment where she was regularly subjected to derogatory comments about Hispanic students and families. As a result, she became distraught about the work environment.

22. In or around March 2016, in an effort to remove herself from the racially hostile work environment at Elk Grove High School, Valdivia applied for and was offered a position at Defendant's Wheeling High School.

23. Valdivia accepted the position of Secretary to the Principal at Wheeling High School and began working there in June 2016.

24. In July 2016, an Associate Principal at Wheeling High School told Valdivia, in a conversation about a Mexican family, that "those people" never pay their bills.

25. Following that incident, Valdivia became extremely distraught and began crying regularly and uncontrollably at work. She sought out her supervisor, Principal Angela Sisi ("Sisi"), while crying uncontrollably and told Sisi that she was unsure if she could continue working. Valdivia also explained to Sisi that she was overwhelmed and afraid.

26. Valdivia and Sisi have known one another since approximately 2012.

27. In July and/or August 2016, Valdivia asked Sisi to place her in a "ten-month" position, which would have provided her two months off per school year.

28. In August 2016, Valdivia called Ruby Aleman ("Aleman"), Counselor, and David Maya ("Maya"), Latino Outreach Family Coordinator, while crying uncontrollably and explained to them, as she had to Sisi, that she did not know what to do and was not sure whether she was able to continue working for the District.

29. In response to Valdivia's various concerns regarding her ability to work while in obvious distress, Sisi, Aleman and Maya simply told her she needed to decide to between continuing her employment and resigning.

30. Specifically on August 3, 2016, Valdivia again approached Sisi while crying uncontrollably and explained that she not know what to do, that she was confused, and that she was overwhelmed. In response, Sisi told Valdivia that she needed to decide if she wanted to continue working so that Sisi could post Valdivia's position if she needed to be replaced.

31. Around the same time, Valdivia told Sisi that she (Valdivia) had not slept in weeks, had not been eating, and had been losing weight.

32. On August 4, 2016, Sisi texted Valdivia again asking what Valdivia had decided to do about her job.

33. Also on August 4, 2016, Valdivia and Sisi further discussed Valdivia's potential resignation. At that time Sisi asked Valdivia what the deciding factor was that had led her to resign. Valdivia told Sisi that it was "due to medical reasons" and that she felt overwhelmed by everything.

34. Sisi then repeatedly requested a written letter of resignation from Valdivia, which Valdivia was hesitant to provide. On August 4, 2016, at Sisi's urging, Valdivia tendered a letter of resignation to take effect August 11, 2016.

35. In light of Valdivia's mental state and the pressure the District placed upon her to decide whether to continue working, Valdivia informed Sisi that she had decided to "stay closer to home."

36. Unaware of any alternatives and unable to continue working at the time, Valdivia tendered a written letter of resignation on or about August 4, 2016.

37. Defendant posted a job vacancy seeking to fill Valdivia's position on August 4, 2016.

38. On August 9, 2016, Valdivia went to Sisi's home and told Sisi she wanted to rescind her resignation.

39. Sisi spoke with Brian Lichtenberger, Employee Relations Supervisor, and told him that Valdivia wished to rescind her resignation.

40. Shortly thereafter Sisi told Valdivia that she (Sisi) had already decided who would replace Valdivia. Sisi refused to allow Valdivia to continue working.

41. Defendant's school board accepted Valdivia's resignation on August 11, 2016.

42. From August 23 until August 27, 2016, Valdivia was hospitalized and diagnosed with depression, anxiety disorder, panic disorder, and insomnia.

43. Valdivia had never previously been diagnosed with the conditions listed above.

44. In July and August 2016, Defendant knew or should have known that Valdivia was suffering from a medical condition or conditions that made her unable to perform her job.

45. Defendant failed to advise Valdivia of her right or eligibility to take leave pursuant to the FMLA.

46. After receiving treatment for her serious health conditions, Valdivia's doctor released her to work a secretarial job at a school.

47. In the twelve (12) months preceding July 2016, Valdivia worked more than 1,250 hours for Defendant.

48. But for Defendant's failure to provide Valdivia with notice of her right to take leave pursuant to the FMLA, Valdivia would not have been forced to resign her position at Wheeling High School.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

49. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

50. The matters set forth in this Count arise from Defendant's violation of Title VII.

51. Defendant knowingly and continually subjected Valdivia to a racially offensive and hostile work environment.

52. In doing so, Defendant discriminated against Valdivia in the terms and conditions of her employment on the basis of her race, Hispanic, in violation of Title VII.

53. As a direct and proximate result of Defendant's actions, Valdivia has suffered and continues to suffer irreparable injury and harm.

WHEREFORE, Plaintiff Noemi Valdivia respectfully requests that this Court enter an order as follows:

  A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title VII;

  B. Enjoining and permanently restraining these violations of Title VII;

  C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of Title VII;

  D. Awarding compensatory damages;

    E.  Awarding Plaintiff her reasonable attorneys' fees and costs incurred in connection with the instant action; and

    F.  Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

54.    Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

55.    The matters set forth in this Count arise from Defendant's violation of the FMLA.

56.    Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with notice or information regarding her right to take job-protected leave pursuant to the FMLA when it became objectively clear that she was suffering from anxiety and emotional distress resulting from one or more psychological conditions.

57.    But for Defendant's failure to provide Valdivia with the appropriate notice required under the FMLA, Valdivia would have continued working for the District.

58.    Defendant's violation of the FMLA has caused Valdivia to incur damages, including but not limited to loss of income, following her resignation.

WHEREFORE, Plaintiff Noemi Valdivia respectfully requests that this Court enter an order as follows:

    A.  Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    B.  Enjoining and permanently restraining these violations of the FMLA;

    C.  Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;

    D.  Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

8

    E. Awarding Plaintiff her reasonable attorneys' fees and costs incurred in connection with the instant action; and

    F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

Dated: March 3, 2017                                      Respectfully submitted,

Alejandro Caffarelli                                   NOEMI VALDIVIA
Madeline K. Engel
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300               By: /s/ *Alejandro Caffarelli*
Chicago, Illinois 60604                            Attorney for Plaintiff
Tel. (312) 763-6880